1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

15

EMANUEL L. FINCH SR.,

Plaintiff,

v.

BRADLEY GRAHAM, CYNTHIA
BROOKS, JOE SOFIA,

Defendants.

CASE NO. C15-5305 RBL-JRC

ORDER TO SHOW CAUSE OR FILE
AN AMENDED COMPLAINT

16

17

18

19

20

21

22

23

24

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local

Magistrate Judge Rules MJR1, MJR3 and MJR4.

Plaintiff's complaint is currently before the Court for initial review pursuant to 28 U.S.C.

§ 1915A. Plaintiff alleges that defendant Graham, a Pierce County detective, testified

untruthfully in a pre trial hearing (Dkt. 1, p. 3). Plaintiff alleges that defendant Sofia, a

community corrections officer, violated plaintiff's constitutional rights by creating a pre sentence

investigation report without giving plaintiff the opportunity to participate (Dkt. 1-1, p. 4).

1  Plaintiff has not alleged any facts regarding the final defendant Ms. Brooks, another Pierce

2  County detective.

3        The Court finds that plaintiff fails to state a claim against any named defendant. To state

4  a claim pursuant to 42 U.S.C. § 1983, at least three elements must be met: (1) defendant must be

5  a person acting under the color of state law; (2) the person's conduct must have deprived plaintiff

6  of rights, privileges or immunities secured by the constitution or laws of the United States,

7  *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other grounds); *Daniels v.*

8  *Williams*, 474 U.S. 327, 330-31, (1986); and (3) causation *See Mt. Healthy City School Dist. Bd.*

9  *of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th

10  Cir. 1980), *cert. denied*, 449 U.S. 875, (1980). When a plaintiff fails to allege or establish one of

11  the three elements, his complaint must be dismissed. That plaintiff may have suffered harm, even

12  if due to another's negligent conduct does not in itself necessarily demonstrate an abridgment of

13  constitutional protections. *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668 (1986). Vague and

14  conclusory allegations of official participation in civil rights violations are not sufficient to

15  withstand a motion to dismiss. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

16

17        In screening plaintiff's complaint the Court is guided by 28 U.S.C. § 1915A which states:

18  (a) Screening.--The court shall review, before docketing, if feasible or, in any
event, as soon as practicable after docketing, a complaint in a civil action in which
a prisoner seeks redress from a governmental entity or officer or employee of a
19  governmental entity.

20  (b) Grounds for dismissal.--On review, the court shall identify cognizable claims
or dismiss the complaint, or any portion of the complaint, if the complaint--
21      (1) is frivolous, malicious, or fails to state a claim upon which relief may
be granted; or
22      (2) seeks monetary relief from a defendant who is immune from such
relief.

23  (c) Definition.--As used in this section, the term "prisoner" means any person
24  incarcerated or detained in any facility who is accused of, convicted of, sentenced

ORDER TO SHOW CAUSE OR FILE AN
AMENDED COMPLAINT - 2

for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

Defendant Graham has absolute immunity for testimony he gave at plaintiff's pre trial hearing. Both private individuals and government officials who serve as witnesses are absolutely immune from suit for damages with respect to their testimony. *See Briscoe v. LaHue*, 460 U.S. 325, 326 (1983); *Paine v. City of Lompoc*, 265 F.3d 975, 980 (9th Cir. 2001); *Franklin v. Terr*, 201 F.3d 1098, 1101-02 (9th Cir. 2000); *Bouman v. Block*, 940 F.2d 1211, 1233 (9th Cir. 1991); *Meyers v. Contra Costa Cnty. Dep't of Soc. Servs.*, 812 F.2d 1154, 1156 (9th Cir. 1987). This immunity extends to testimony given at pre-trial hearings.  *See Holt v. Castaneda*, 832 F.2d 123, 127 (9th Cir. 1987).

Plaintiff fails to state a claim against defendant Brooks because plaintiff does not allege any facts regarding this defendant.

Plaintiff fails to state a claim against defendant Sofia because defendant Sofia has absolute immunity for his actions in preparing a pre sentence report. "[P]robation officers preparing reports for the use of state courts possess an absolute judicial immunity from damage suits under [§] 1983 arising from acts performed within the scope of their official duties." *Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir. 1986); *see also Burkes v. Callion*, 433 F.2d 318, 319 (9th Cir. 1970) (per curiam).

Accordingly, the Court orders plaintiff to show cause why this action should not be dismissed for failure to state a claim with the dismissal counting as a strike pursuant to 28 U.S.C. §§ 1915(c) and (g). In the alternative plaintiff may submit an amended complaint if plaintiff believes he can state a claim against any of the named defendants.

1     Plaintiff must file either his response to this order to show cause or his amended

2 complaint on or before June 26, 2015, or the Court will recommend dismissal of this action with

3 the dismissal counting as a strike.

4     Dated this 11th day of May, 2015.

5

6                        J. Richard Creatura

7                        United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER TO SHOW CAUSE OR FILE AN
AMENDED COMPLAINT - 4