UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EMANUEL L FINCH SR, <br><br> Plaintiff, <br><br> v. <br><br> BRADLEY GRAHAM, CYNTHIA BROOKS, JOE SOFIA, <br><br> Defendants. | CASE NO. 3:15-CV-05305-RBL-JRC <br><br> REPORT AND RECOMMENDATION <br><br> NOTED FOR:  September 25, 2015 |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Before the Court is plaintiff's voluntary motion to dismiss defendant C.C.O. 3 Joe Sofia (Dkt. 15).  The undersigned recommends that the motion be granted.

**BACKGROUND**

The Court granted plaintiff *in forma pauperis* status May 11, 2015 (Dkt. 5).  Plaintiff filed his complaint on the same date (Dkt. 6). After the Court's initial review of plaintiff's complaint, the Court issued an order to file an amended complaint on or before June 26, 2015

REPORT AND RECOMMENDATION - 1

(Dkt. 7). The Court informed plaintiff that he had not named a defendant against whom he could maintain a civil rights action (*id.*). Plaintiff filed his first amended complaint (Dkt. 8) on May 26, 2015 and an opening brief on June 3, 2015 (Dkt. 10). On June 29, 2015, the Court ordered that plaintiff file a second amended complaint on the proper Court form that included all facts, allegations and authority (Dkt. 12).

Plaintiff filed his second amended complaint against defendants Brooks, Graham and Sofia on July 9, 2015 (Dkt. 13). On July 30, 2015, plaintiff filed a motion to voluntarily dismiss defendant Sofia from this case (Dkt. 15). On August 6, 2015, defendant Sofia entered a waiver of service (Dkt. 16). Defendant Sofia has not filed an answer to plaintiff's second amended complaint.

## DISCUSSION

Rule 41 of the Federal Rules of Civil Procedure sets forth the circumstances under which an action may be dismissed.  Under Rule 41(a)(1), an action may be dismissed by the plaintiff without order of court:

> (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Fed. R. Civ. P. 41(a)(1).

After service of an answer or a motion for summary judgment, dismissal by plaintiff must be sought under Rule 41(a)(2), which provides, in part, that: "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

1  Plaintiff filed his motion to dismiss defendant Sofia prior to the filing of defendant's
2 answer.  The Court recommends that plaintiff's motion to dismiss defendant Sofia (Dkt. 15) be
3 granted and that the Court dismiss this action against defendant Sofia without prejudice.

4  **WRITTEN OBJECTIONS**

5  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
6 Procedure, the parties shall have fourteen (14) days from service of this Report and
7 Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections
8 will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140
9 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the
10 matter for consideration on **September 25, 2015**, as noted in the caption.

11  Dated this 2nd day of September, 2015.

  
_____
J. Richard Creatura
United States Magistrate Judge